IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| | ) | 2:14-cr-270-1 |
| v. | ) | |
| | ) | |
| | ) | |
| CHESTER AKINS | ) | |
| | ) | |

**MEMORANDUM ORDER**

On April 4, 2016, the Court conducted a detention hearing under the Bail Reform Act, 18 U.S.C. § 3142(f), at which the Court heard testimony and argument.[1] For the reasons that follow, the Court concludes that Defendant Chester Akins shall continue to be detained pending trial.

**I.      Background**

On December 9, 2014, a federal grand jury sitting in the Western District of Pennsylvania returned a seven-count indictment in which it charged twelve individuals with the following at Count One: conspiracy to possess with the intent to distribute—(a) one kilogram or more of heroin (Barlow, Brown, Butler, Joseph, Scott, D. Yarbough, L. Yarbough); (b) 100 grams or more of heroin (**Akins**, Pryor, Robinson, Springer); and (c) less than 100 grams of heroin (Means)—from in an around a date uncertain in 2008 and continuing thereafter to in and around October 2012 in violation of 21 U.S.C. § 846. If convicted of the crime charged, Akins faces a term of imprisonment of not less than five years and not more than forty years; a fine not to exceed $5,000,000; and a term of supervised release of at least four years. Depending on Akins' criminal history, the potential penalties may increase to a term of imprisonment of not less than

---

1. At the hearing, the government offered and replied upon the Pre-Plea Investigation Report. Through counsel, Defendant consented to the disclosure of the Pre-Plea Investigation Report.

ten years and not more than life; a fine not to exceed $8,000,000; and a term of supervised release of at least eight years.

On January 9, 2015, Defendant appeared before Magistrate Judge Robert C. Mitchell for his initial appearance. Attorney Steven Townsend was appointed to represent Defendant.

At that time, the government filed its request for detention, and set forth the following material factors in support thereof:

> 1. That no condition or combination of conditions will reasonably assure the appearance of defendant as required and the safety of any other person and the community because:
>
>> a. Defendant is a danger to any other person or the community, and/or;
>>
>> b. Defendant is a flight risk.
>
> 2. That the government is entitled to a detention hearing based upon the following . . .
>
>> c. Defendant is charged with an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.), or the Maritime Drug Law Enforcement Act (46 U.S.C. App. § 1901 et seq.); . . .
>>
>> f. That a serious risk exists that defendant will flee; [ ]
>>
>> g. That a serious risk exists that defendant will obstruct or attempt to obstruct justice, or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate, a prospective witness or juror . . . .
>
> 4. That a rebuttable presumption arises that no condition or combination of conditions will reasonably assure the appearance of defendant as required and the safety of the community, in that there is probable cause to believe that:
>
>> a. Defendant committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. § 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. § 951 et seq.), the Maritime Drug Law Enforcement Act (46 U.S.C. App. § 1901 et § seq.) . . . .

Akins waived his right to a detention hearing, reserving the right to later request same. Accordingly, Magistrate Judge Mitchell granted the government's request for detention.

Akins filed his pretrial motions on August 24-25, 2015, and the government filed its response thereto on January 20, 2016. The Court entered its Omnibus Pretrial Motions Order on February 1, 2016. Jury selection and trial is scheduled to begin on Monday, May 16, 2016 at 9:30 AM for the remaining Defendants, which includes Akins.

On March 16, 2016, Akins filed a motion requesting a detention hearing. In his filing, Akins asserts that, if released, he will reside at his residence in Allegheny County where he has lived for almost ten years with his fiancée and step-daughter; that his family will inform Pretrial Services of any violation of the terms of pretrial release; that he will seek employment (perhaps through Local 373 Labor Union with which he remains an active member); that he will submit to home detention subject to electronic monitoring; that he will avoid all contact with potential witnesses; that he will report on a regular basis to Pretrial Services; that he will refrain from possessing a firearm, destructive device or other dangerous weapon; that he will refrain from the excessive use of alcohol or any use of a narcotic drug or other controlled substance; and that he will undergo medical, psychological, or psychiatric treatment. Akins further asserts that he is not a danger or threat to society or others in the community and does not pose a risk of flight or obstruction of justice should he be released from custody.

In its response to Akin's motion, the government agrees that he is entitled to a detention hearing, but states that a presumption of detention applies in his case because of the seriousness of the charge against him. It also states that overcoming the presumption will be "particularly difficult" given Akin's extensive criminal history, which purportedly includes drug-related offenses, a firearm-related offense, and multiple violent crimes.

## II. Legal Standard

"The structured system of the Bail Reform Act, 18 U.S.C. §§ 3141, *et seq.*, regarding the release or detention of a defendant before trial seeks to ensure that the interests of the defendant and the public are carefully considered and contemplated before release or detention is ordered." *United States v. Gibson*, 481 F. Supp. 2d 419, 421 (W.D. Pa. 2007) (citing *United States v. Lemos*, 876 F. Supp. 58, 59 (D. N.J. 1995)). Under the Bail Reform Act, "[t]he judicial officer shall order the pretrial release of the person on personal recognizance, or upon execution of an unsecured appearance bond in an amount specified by the court," subject to several conditions, "unless the judicial officer determines that such release will not reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." 18 U.S.C. § 3142(b).

Section 3142(c) further provides a nonexclusive list of conditions that a court may impose upon granting a defendant's motion for pretrial release. 18 U.S.C. § 3142(c)(1)(B). If, however, the Court finds that no sufficient condition or combination of conditions exists, it may order that a defendant be detained pending trial. 18 U.S.C. § 3142(e)(1).

A rebuttable presumption in favor of detention arises when the Court "finds that there is probable cause to believe that the defendant committed . . . an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act (21 U.S.C. 801 *et seq.*), the Controlled Substances Import and Export Act (21 U.S.C. 951 *et seq.*), or chapter 705 of title 46 . . . ." 18 U.S.C. § 3142(e)(3)(A). A defendant may rebut the presumption by producing "some credible evidence forming a basis for his contention that he will appear and will not pose a threat to the community." *United States v. Carbone*, 793 F.2d 559, 560 (3d Cir. 1986) (per curiam); *see also United States v. Suppa*, 799 F.2d 115, 119 (3d Cir.

1986). The burden of persuasion does, however, remain always with the government. *Id.* (citing *United States v. Perry*, 788 F.2d 100, 114-15 (3d Cir. 1986)).

Factual findings supporting pre-trial detention must be made by clear and convincing evidence. 18 U.S.C. § 3142(f). In making its determination, the Court must take into account the factors set forth in 18 U.S.C. § 3142(g): (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger posed by the person's release. 18 U.S.C. § 3142(g)(1)-(4). Moreover, the "history and characteristics of the person" includes the following:

> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law.

18 U.S.C. § 3142(g)(3)(A)-(B).

**III.  Discussion**

Based on the potential penalties that Defendant faces if convicted, the rebuttable presumption set forth in § 3142(e) applies in this case. Defendant attempts to rebut this presumption by relying on the testimony of his long-time fiancée, Dorrie Yarbough (who the Court did not find as a credible witness), as well as his employment record and his relative lack of criminal convictions over the past ten years. The evidence presented by Defendant did not rebut the presumption.

Even assuming it did so, the government has carried its burden by clear and convincing evidence. *See Perry*, 788 F.2d at 115 ("The clear and convincing standard does not even operate

5

until the defendant has come forward with some evidence of lack of dangerousness."). Accordingly, the Court concludes that no condition or combination of conditions would reasonably assure the appearance of Defendant as required and the safety of any other person and the community if he were to be released.

### A. Nature and Circumstances of the Offense

Defendant has been charged with a serious crime: conspiracy to possess with the intent to distribute 100 grams or more of heroin. If convicted, Defendant faces a term of imprisonment of not less than five years and not more than forty years—assuming the government does not file an information to establish a prior felony drug conviction. In short, this factor weighs strongly in favor of detention.

### B. Weight of the Evidence

The government has represented that Defendant was a meaningful player in a large-scale heroin distribution conspiracy that spanned the course of four years, but it has relied solely on the grand jury's finding of probable cause. This factor does not weigh in favor of either party.

### C. History and Characteristics of the Defendant

The Court acknowledges Defendant's family ties, and the admirable support of his fiancée, Ms. Yarbough. It also appears that, except for two counts of DUI in 2012, Defendant has had no significant involvement with the criminal justice system since 2005 (although he allegedly participated in this conspiracy from 2008 until 2012). And, to his credit, Defendant reportedly has attended substance abuse treatment while incarcerated.

Nevertheless, Defendant has a very serious criminal history, to say the least. A review of the Pretrial Services Report indicates that Defendant has been continuously involved in the criminal justice system for much of his adult life, having sustained convictions for receiving

stolen property, simple assault, possession of a controlled substance, delivery/possession with intent to deliver a controlled substance, criminal conspiracy, harassment, DUI, disorderly conduct, person not to possess/own a firearm, and possession of drug paraphernalia. It is particularly troubling that Defendant committed several of these offenses while he was on probation or parole. For instance, Defendant had a total record of thirty-three (33) parole board actions while on parole for the offense(s) referenced at CP 3184-1988 – *i.e.* possession of a controlled substance, M (2 counts), delivery/possession with intent to deliver a controlled substance, F (2 counts), and criminal conspiracy (2 counts). Also disturbing is the almost complete lack of an employment record reported by Defendant, a fifty-one-year-old man: one year and five months of work as a member of Labor Union 373 from 2011 until his arrest in May 2012. In addition, Defendant has a history of daily alcohol, cannabinoid, and heroin use throughout his entire adult life. This factor weighs heavily in favor of detention.

### D. The Nature and Seriousness of the Danger Posed by Defendant's Release

Defendant has a criminal background littered with drug-related offenses as well as a history of illegal weapons use and violence – all of which is extensively outlined in the Pretrial Services Report and Pre-Plea Investigation Report.[2] If released to home detention, nothing prevents Defendant from continuing to engage in the same sort of illegal activity. Accordingly, this factor weighs heavily in favor of detention.

---

2. Drug trafficking represents a substantial danger to the community, to be sure. Several other members of the Court have expressed similar remarks. *See United States v. Bradley-Bey*, No. CRIM. 15-87, 2015 WL 7176273, at *4 (W.D. Pa. Nov. 13, 2015) (Fischer, J.) ("Drug trafficking certainly poses a substantial risk of harm to the community, particularly the trafficking of very dangerous and addictive drugs like heroin."); *see also United States v. Gibson*, 481 F. Supp. 2d 419, 422 (W.D. Pa. 2007) (Conti, J.) ("In cases involving the instant drug offenses, the danger to the community is the likelihood that the defendant will, if released, traffic in illicit drugs.").

## IV. Conclusion

For the reasons hereinabove stated, Defendant Chester Akins must be **DETAINED** pending trial. Defendant is hereby committed to the custody of the Attorney General or a designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or held in custody pending appeal. Defendant must be afforded a reasonable opportunity to consult privately with defense counsel. On order of United States Court or on request of an attorney for the Government, the person in charge of the corrections facility must deliver Defendant to the United States Marshal for a court appearance.

**SO ORDERED**, this 5th day of April, 2016.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge